1
2
3

Ariel Barel, sui juris
114 Warbler Drive
Wayne, New Jersey
973-460-4444
abar4444@gmail.com

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 JAN -7  P 12: 34

4

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

5

6

7    UNITED STATES *ex rel.*
     Ariel Barel, sui juris
              -against-

Civil Case No. 2:18-cv-17567-CDW

8

9    JUDICIARY COURTS OF THE STATE OF
     NEW JERSEY, a/k/a JUDICIARY COURTS OF
     THE STATE NJ a/k/a SUPERIOR COURT OF NEW
10   JERSEY a/k/a SUPERIOR COURT OF NEW
     JERSEY OFFICE OF FORECLOSURE;
11   THE OFFICE OF THE CLERK OF THE SUPERIOR
     COURT OF NEW JERSEY OCCUPIED BY
12   MICHELLE M. SMITH;
     Michelle M. Smith, individually and severally;
13   THE OFFICE OF THE SUPERIOR COURT OF
     NEW JERSEY JUDGE OCCUPIED BY PAUL
14   INNES;
     Paul Innes, individually and severally;
15   THE OFFICE OF PASSAIC COUNTY SHERIFF
     a/k/a PASSAIC COUNTY SHERIFF'S OFFICE
16   OCCUPIED BY RICHARD H. BERDNIK;
     Richard H. Berdnik, individually and severally;
17   Brian V. Fishman, individually and severally;

18   Does 1-10, Roes 1-10;

**Amended Real Action
at the Common Law
Claims For Violations
of Inalienable Rights**

**VIOLATIONS OF RIGHTS
UNDER ARTICLE V AND
THE 14TH AMENDMENT
TO THE UNITED STATES
CONSTITUTION
REAFFIRMED UNDER
PUBLIC LAW 39-26**

**FIRST AMENDMENT,**
petition clause

**Indorsed to the United States**

19
20
21
22
23
24

1 **INTRODUCTION**

2 "MR. BAREL: I called Trenton, the Office of Foreclosure, and I asked them why is it
3     that I have to go in front of you, not that I mind, but I have to go in front
    of Judge Paul Innes, that's where I scheduled the motion. I was told that
4     Judge Innes did not sign the order. And the -- he doesn't sign the orders.
    The clerks and paralegals in the Office of Foreclosure, stamp his name on
5     the final judgment. And I see you nod your head agreeing with me.
THE COURT: That's absolutely right.
6 MR. BAREL: Okay. So then --
7 THE COURT: They sign the -- the judgments are done in his name because, you know,
    he's the chief judge down there, and I don't know exactly what the title is -
8 MR. BAREL: Mercer County.
THE COURT: But he's in Mercer County.
9 MR. BAREL: Right. I understand that.
THE COURT: Right. So --
10 MR. BAREL: That's my question was exactly the same.
THE COURT: He doesn't actually see those motions.
11 MR. BAREL: I'm sorry?
THE COURT: He doesn't actually see those motions
12 MR. BAREL: Right.
THE COURT: They're handled by the Clerk's Office.
13 MR. BAREL: Well, why don't we put the paralegals in front of you on your bench and
14     let them rule the case? That's what's happening here. You see what my
    point?
15 THE COURT: Yeah,..."

16       The above excerpt was taken from an official court transcript of a hearing held on

17 April 18, 2018, in the SUPERIOR COURT OF NEW JERSEY in front of judge Thomas J.

18 LaConte, where judge LaConte confirms that Final Judgments are not reviewed nor signed by

19 defendant Paul Innes . A certified copy of this transcript is annexed hereto as **Annex A** pursuant

20 to F.R.E. 902(5) as fully set forth herein.

21       Prior to that on February 26, 2018, Time 13:29 pm, Ariel Barel had a telephone

22 conversation with the Superior Court of New Jersey, deputy clerk Donna, certain excerpts of the

23 transcript of that recorded conversation with Donna, are below:

24

| | | |
|---|---|---|
| 1 | Mr. Barel: | Why is it that I cannot have the motions heard in front of the judge Innes who signed the order? |
| 2 | | |
| 3 | Donna: | Like I said, Office of Foreclosure stamps judge Innes's name on their orders. |
| 4 | Mr. Barel: | Okay. |
| 5 | Donna: | You'll have an actual judge reviewed the case. It goes to the county where it's venues, which is Passaic, we have no judges sitting here in Office of Foreclosure. |
| 6 | | |
| 7 | Mr. Barel: | No, I know that. That's not a problem. All I'm saying is that it appears to me you're saying that the Office of Foreclosure stamp judge's signature on it. Fine. I understand that, now the, the, uh, so to me it's an indication that judge Innes has signed the order. Did he sign the order? |
| 8 | | |
| 9 | | |
| 10 | Donna: | Somebody in Office of Foreclosure stamped his name on it. They used his stamp. The judge did not sign it. |
| 11 | Mr. Barel: | Okay. Soooo. Okay, I see what you're saying. So the judge actually had never signed that order and that's why I cannot go in front of him. Am I correct? |
| 12 | | |
| 13 | Donna: | Right. He is not the judge in the Vicinage that has to hear. |
| 14 | | |

A little later the conversation continued...

| | | |
|---|---|---|
| 15 | Mr. Barel: | Okay. I am now, now I'm confused. (chuckle) It doesn't make sense. I know that Judge Innes is in charge of the Office of Foreclosure. I know that. And so that's why he has the power to sign. |
| 16 | | |
| 17 | | |
| 18 | Donna: | No he's is not. |
| 19 | Mr. Barel: | He is not? |
| 20 | Donna: | Office of Foreclosure is overseen by supervisors, deputy clerks, they just use his signature because he's the judge in this county that we work in. |
| 21 | | |

The entire notarized copy of the transcript of the telephone conversation with Donna

from the Superior Court of New Jersey Clerk's Office is annexed hereto and incorporated

herewith as **Annex B**, pursuant to F.R.E. 901(b)(6) as fully set forth herein.

## I.    The Parties to This Complaint

### A. The Plaintiff

Ariel Barel, sui juris is a living, breathing sentient being, Man, one of the people of State of New Jersey is the legal fee simple title owner of the real property located in Passaic County and commonly known as 114 Warbler Drive, Wayne, New Jersey Tel. 973-460-4444.

### B. The Defendant(s)

**Defendant No. 1**, JUDICIARY COURTS OF THE STATE OF NEW JERSEY, DUNS: 60-2158974 a/k/a JUDICIARY COURTS OF THE STATE NJ DUNS: 03-8052028 a/k/a SUPERIOR COURT OF NEW JERSEY; SUPERIOR COURT OF NEW JERSEY OFFICE OF FORECLOSURE, for profit corporation(s), with EIN Numbers 13-2442272 and/or 13-109510A. Defendant is located in its corporate headquarters where service of process may be made at 25 W. Market Street, Trenton, New Jersey 08625. (STATE OF NEW JERSEY Defendant)

**Defendant No. 2,** THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY OCCUPIED BY MICHELLE  M. SMITH, is the artificial entity legal person activated and articulated by Michelle  M. Smith, Defendant is located in its corporate headquarters where service of process may be made at 25 W. Market Street, Trenton, New Jersey 08625. (STATE OF NEW JERSEY Defendant)

**Defendant No. 3,** Michelle  M. Smith, (hereinafter "Smith") a living breathing woman designated to animate and articulate the actions of the actor and artificial entity CLERK OF THE SUPERIOR COURT OF NEW JERSEY MICHELLE  M. SMITH, Defendant is located at 25 W. Market Street, Trenton, New Jersey 08625, where service of process may be made.

**Defendant No. 4,** THE OFFICE OF THE SUPERIOR COURT OF NEW JERSEY JUDGE OCCUPIED BY PAUL INNES; is the artificial entity legal person activated and articulated by Paul Innes, service of process may be made at 175 South Broad Street, Courtroom-

1  3A, Trenton, New Jersey 08608-2401. (STATE OF NEW JERSEY Defendant)

2  **Defendant No. 5,** Paul Innes, individually and  severally, (hereinafter "Innes") a living

3  breathing man designated to animate and articulate the actions of the actor and artificial entity

4  SUPERIOR COURT OF NEW JERSEY JUDGE PAUL INNES, service of process may be

5  made at 175 South Broad Street, Courtroom-3A, Trenton, New Jersey 08608-2401 or at 14

6  Elkshead Terrace, Hamilton New Jersey 08620.

7  **Defendant No. 6,** THE OFFICE OF PASSAIC COUNTY SHERIFF a/k/a PASSAIC

8  COUNTY SHERIFF'S OFFICE OCCUPIED BY  RICHARD H. BERDNIK. SHERIFF

9  RICHARD H. BERDNIK**,** is the artificial entity legal person activated and articulated by

10  Richard H. Berdnik, (hereinafter "Sheriff Berdnik"), service of process may be made at Passaic

11  County Sheriff's Office, 435 Hamburg Turnpike, Wayne, New Jersey 07470.

12  **Defendant No. 7,** Richard H. Berdnik, individually and severally, (hereinafter "Berdnik"

13  or "Richard H. Berdnik") a living breathing man designated to animate and articulate the actions

14  of the actor and artificial entity RICHARD H. BERDNIK**,** PASSAIC COUNTY SHERIFF,

15  service of process may be made at 435 Hamburg Turnpike, Wayne, New Jersey 07470 or at 25

16  Hugo Street, Clifton, New Jersey 07012.

17  **Defendant No. 8,** Brian V. Fishman, individually and severally (hereinafter Brian V.

18  Fishman" or "Fishman") a living breathing man designated to animate and articulate the actions

19  of the actor and artificial entity BRIAN V. FISHMAN, an attorney with the law firm of Phelan

20  Hallinan Diamond & Jones, PC.

21  ## II.    Basis for Jurisdiction and Venue

22  The court has Article III jurisdiction over this lawsuit because the action arises under

23  Article V and the 14th Amendment to the United States Constitution as well as Public Law 39-

24  26, and **poses a federal question**.

1   The district courts shall have original jurisdiction of all civil actions arising under the

2   Constitution, laws, or treaties of the United States.

3   In order for the Court to have Article III jurisdiction Plaintiff must meet the "*irreducible*

4   *constitutional minimum of standing contains three requirements: first and foremost, there must*

5   *be alleged, and ultimately proven, an "injury in fact"—a harm suffered by plaintiff that is*

6   *concrete and actual or imminent, not conjectural or hypothetical; second, there must be*

7   *"causation"—a fairly traceable connection between plaintiff's injury and complained-of conduct*

8   *of Defendant; third, there must be "redressability"—a likelihood that requested relief will*

9   *redress alleged injury.  Triad of injury in fact, causation, and redressability comprises core of*

10  *Article III's case-or-controversy requirement, and party invoking federal jurisdiction bears*

11  *burden of establishing its existence*." (***STEEL COMPANY, aka Chicago Steel and Pickling***

12  ***Company v. CITIZENS FOR A BETTER ENVIRONMENT***, 118 S.Ct. 1003, (No. 96–643,

13  1998)).  The Facts in this Complaint clearly establish all three requirements, granting Article III

14  jurisdiction.

15  Accordingly, Plaintiff requests this district court designate an active Article III judge

16  from United States District Court which has a full contingent of such judges, be designated to

17  exercise federal judicial power over this case within this venue. Venue is proper in this court, the

18  conduct complained of occurred within this district.

19  ### III.  Definitions

20  Ariel Barel, sui juris  - a living, breathing sentient being, a Man, refused to be recognized as such

21  by the SUPERIOR COURT OF NEW JERSEY.

22  ARIEL BAREL – an artificial entity/legal person created by the United States.

23  STATE OF NEW JERSEY - corporate entity with its own EIN Numbers 13-2442272 and/or 13-

24  109510A and a federal instrumentality.

1   State of New Jersey - a state created by the People of New Jersey in 1776.

2   Superior Court of New Jersey - a court of record created by the Constitution for the State of New

3   Jersey 1844.

4   SUPERIOR COURT OF NEW JERSEY - corporate division/arm of the STATE OF NEW

5   JERSEY is an administrative power only court, which is masquerading as a judicial power court

6   not having judicial powers and not created by the Constitution for the State of New Jersey 1844.

7   CLERK OF SUPERIOR COURT OF NEW JERSEY MICHELLE  M. SMITH - is the artificial

8   entity legal person activated and articulated by Michelle  M. Smith.

9   Michelle  M. Smith - a living, breathing woman designated to animate and articulate the actions

10   of the actor and artificial entity CLERK OF SUPERIOR COURT OF NEW JERSEY.

11   SUPERIOR COURT OF NEW JERSEY JUDGE PAUL INNES - is the artificial entity legal

12   person activated and articulated by Paul Innes.

13   Paul Innes - a living, breathing Man designated to animate and articulate the actions of the actor

14   and artificial entity SUPERIOR COURT OF NEW JERSEY JUDGE PAUL INNES.

15   PASSAIC COUNTY SHERIFF'S OFFICE or any alternate names and aliases thereof, a

16   corporate entity masquerading as a de jure officer of the People without such delegated authority.

17   SHERIFF RICHARD H. BERDNIK is the artificial entity legal person activated and articulated

18   by Richard H. Berdnik

19   Richard H. Berdnik - a living, breathing Woman designated to animate and articulate the actions

20   of the actor and the office of artificial entity SHERIFF RICHARD H. BERDNIK.

21   Brian V. Fishman - a living, breathing man designated to animate and articulate the actions of the

22   actor and the office of artificial entity attorney BRIAN V. FISHMAN.

23   United States - a sovereign occupying the position analogous to that of other sovereigns in the

24   family of nations. Hooven & Allison Co. v. Evatt, 324 U.S. 652 (1945)

## IV.  CONSTITUTIONAL PROVISIONS

Article V of the United States Constitution provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without due process of law**; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. XIV provides:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws**.

## V.  Conditions Precedent

All conditions precedent have been performed or have occurred.  {*Fed. R. Civ. P. 9(c)*}

## VI.  Preliminary Statement

### Standard of Review For Unrepresented Litigant's Pleadings

Given the fact that the Plaintiff is an unrepresented litigant, *sui juris*, this complaint should be construed liberally and the Court should consider the pleadings by "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *the Court should work to assure that any ignorance of law or procedure does not result in an unjust decision; and should not penalize good-faith errors.*

Implicit in the right of an unrepresented is an obligation on the part of any Court to make reasonable allowances to protect *unrepresented* litigants from inadvertent forfeiture of

1    important rights because of any lack of formal legal training. See *Traguth v. Zuck*, 710 F.2d 90,

2    95 (2nd Cir. 1983); *Hoffman v. U.S.*, 244 F.2d 378, 379 (9th Cir. 1957); *Darr v. Burford*, 339 U.S.

3    200 (1950). Unrepresented litigant should be given a reasonable opportunity to remedy defects in

4    his [or her] pleadings if the factual allegations are close to stating a claim for relief. *Hall v.*

5    *Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff invokes Full Faith and Credit of the

6    United States and Full Faith and Credit of the United States of America.

## VII.    Statement of the Case

### *{Fed. R. Civ. P. 8(a) Statement}*

9    Plaintiff, Ariel Barel, initiates this civil action for the enforcement of the provisions of

10   Article V and the 14th Amendment to the United States Constitution and pursuant to the rights

11   reaffirmed under Public Law 39-26, because Plaintiff is "*denied or cannot enforce in the courts*

12   *or judicial tribunals of the State or locality where they may be any of the rights secured to them*

13   *by the first section of this act*;", as the state court itself and its employees are involved in the

14   intentional violations enumerated in this complaint. Sec. 3, Public Law 39-26.

15   On November 26, 2014, a foreclosure complaint was filed *inter alia* against ARIEL

16   BAREL in SUPERIOR COURT OF NEW JERSEY under docket No. F-049914-14, the property

17   in question is located in *Passaic* county, New Jersey. This was a second complaint, the first was

18   filed in 2008 and voluntarily dismissed in June of 2014, by the same attorneys prosecuting the

19   second complaint. After years of extensive litigation Plaintiff discovered that unbeknownst to

20   Plaintiff on January 17, 2018, a Final Judgment Order was entered in the case docket. The order

21   bears the stamp signature of judge Paul Innes, a chancery judge in *Mercer* county, a different

22   venue. After receiving said order Plaintiff filed motion to vacate the order for failure to serve the

23   motion for final judgment upon Plaintiff.

24   Plaintiff has scheduled the motion in front of judge Innes being the perceived signatory

1   on the order for Final Judgment. In an attempt to confirm the time of the hearing Plaintiff called

2   the SUPERIOR COURT OF NEW JERSEY clerk's office, and had a conversation with Donna

3   an employee/clerk in that office.

4          Donna informed Plaintiff that Paul Innes does see or signs the motions for final judgment

5   and the clerks in the Office of Foreclosure use his name signature stamp on the final judgments,

6   (see transcript of recorded conversation at Annex B). The hearing for the said motion to vacate

7   Final Judgment occurred in front of judge Thomas J. LaConte on April 18, 2018, at which time

8   Plaintiff raised the issue of the clerks in the Office of Foreclosure rubber stamping judge Paul

9   Innes's name on all final judgments and that Paul Innes never sees those motions. (See transcript

10  of the hearing at Annex A attached to this complaint). Defendant Michelle M. Smith is the head

11  Clerk for the SUPERIOR COURT OF NEW JERSEY and according to her appointment letter,

12  issued by Judge Glenn A. Grant, is in charge of the clerks in the Office of Foreclosure.

13         On the same day January 17, 2018, Defendant Michelle M. Smith placed her electronic

14  signature on a document styled "Writ of Execution", the document appears to be prepared by one

15  Kenya Bates, an attorney for PHELAN HALLINAN DIAMOND & JONES, PC and signed by

16  Defendant Smith. The Writ of Execution states that Defendant Innes has witnessed the signature

17  of Defendant Smith. The signature of Paul Innes is missing on the document. Paul Innes is

18  located at a different court house than Defendant Smith and even if his signature did appear on

19  the Writ of Execution the evidence shows that it would have been placed there by the clerks in

20  the Office of Foreclosure. The "Writ of Execution" is annexed hereto and incorporated herewith

21  as **Annex C**, pursuant to F.R.E. 902(2)(A) as fully set forth herein.

22         As a result of said fabricated "Writ of Execution" Defendant SHERIFF RICHARD H.

23  BERDNIK scheduled Plaintiff's property for Sheriff's sale. Twice, Plaintiff attempted to schedule

24  a meeting with Defendant Berdnik to inform him of the above mentioned facts in an effort to

1   stay sheriff's sale of the property. Defendant Berdnik refused to meet with Plaintiff. Plaintiff

2   then, notified Berdnik of the facts herein by sending via Registered Mail three Notices of Action.

3   The Notice is annexed and incorporated hereto as **Annex D**. The Notices were ignored.

4        On May 29, 2018, despite the Notice, Plaintiff's property was unlawfully sold by Defendant

5   Berdnik at a Sheriff's sale. An injury in Fact and cognizable Tort. Not only, was the property

6   sold by the Sheriff, but it was sold in a *rigged bidding* perpetrated by the Defendant behind

7   closed doors, Plaintiff's property is valued at over 400,000.00 dollars and was allegedly sold to

8   Federal National Mortgage Association (Fannie Mae) for a whopping 100.00 dollars in an

9   "inside rigged sale", without the auctioneer allowing the participation in a bidding process by

10  anyone in the room full of bidders. This sale is confirmed by the Indenture Deed personally

11  signed, notarized and recorded by Berdnik in the county records on June 28, 2018, Instrument

12  Number 2018028763. The Indenture Deed is attached hereto and incorporated herewith as

13  **Annex E**. Pursuant to F.R.E. 902(2)(A) as fully set forth herein.

14       On or about November 28, 2018, Plaintiff was visited by deputy Sheriff D'Agostino, who

15  served the Plaintiff with a document styled "Notice of Eviction" to which was attached a

16  document styled "Writ of Possession". The "Writ of Possession" is attached hereto and

17  incorporated herewith as **Annex F**, pursuant to F.R.E. 902(2)(A) as fully set forth herein.

18       The so called "Writ of Possession", depicts a caption of the foreclosure case where the

19  Plaintiff is Ditech Financial LLC. The document also mentions Fannie Mae who is not a party to

20  the foreclosure case. Fannie Mae did not obtain the Final Judgment or Writ of Execution. Fannie

21  Mae through its attorney Defendant Fishman, filed said Writ of Possession in the court docket to

22  have it appear as if Fannie Mae is a party to the case. The visit from D'Agostino was intimidating

23  and threatening and began with a loud banging on the front door, with a demand for Plaintiff to

24  vacate his property on January 24, 2019 and that D'Agostino would be there on that day with

Page 11 of 37

1    other armed men, police and moving trucks to affect the eviction. The deputy has stated that "he

2    is enforcing the judge's order". When asked to show the order he presented the "Writ of

3    Possession" signed by defendants Smith and Fishman. When Plaintiff made the deputy aware

4    that no judge has signed the writ he replied "it doesn't matter it's all the same".

5         The said "Writ of Possession", prepared and signed by Defendant Fishman and also

6    signed by Defendant Smith, states that it was witnessed by judge Thomas J. LaConte on

7    September 28, 2018. The court is requested to take *judicial notice* of the following fact. Judge

8    LaConte has retired having his last day in office on August 28, 2018, this fact was known to

9    Plaintiff and has been confirmed to Plaintiff by the judge himself following the April 18, 2018

10   hearing when Plaintiff asked the judge about the rumors of his retirement. The same was recently

11   reconfirmed by the clerk in the judges office. The "Writ of Possession", was never witnessed or

12   signed by a judge in violation of *N.J.S.A.* 2A:42-10.1.

13        Attached to the said "Writ of Possession" is a Certification in Support of Issuance of the

14   writ wherein Defendant Fishman, an officer of the court, certifies that the statements in the Writ

15   of Possession and the certification made by him are true, and he is aware that if the statements

16   are false he is subject to punishment. The Notice of Eviction is annexed hereto and incorporated

17   herewith as **Annex G.**

18        From January 17, 2018, Defendants Michelle  M. Smith, the CLERK OF SUPERIOR

19   COURT used her office position and used the name of CLERK OF SUPERIOR COURT OF

20   NEW JERSEY MICHELLE  M. SMITH to authorize her employees, to *impersonate a judge,* to

21   use fabricated and forged signature stamp of Judge Paul Innes on a "Final Judgment" in

22   Plaintiff's foreclosure case. Thereafter, on the same day, Smith placed her signature on a

23   documents called "Writ of Execution" a document that falsely claims that Paul Innes witnessed

24   her signature. On September 28, 2018, Smith and Fishman both signed "Writ of Possession"

1    without any authority to issue such writ to a non party in the case and in addition to being strictly

2    a judicial function as per *N.J.S.A.* 2A:42-10.1.

3            These unlawful acts would have continued with impunity and undiscovered if Barel did

4    not have the above mentioned telephone conversation with Donna, the clerk in the Superior

5    Court Clerk's Office, the content of which, thereafter confirmed by Judge LaConte on the record.

6            On January 17, 2018, Defendants Paul Innes, acting under color of law engaged in acts *in*

7    *clear absence of all jurisdiction,* knowingly concurred and allowed to use his forged, counterfeit

8    signature and seal, for the purpose of authenticating court proceeding and documents,

9    specifically for the purpose of tendering in evidence such proceeding and documents with a false

10   and/or counterfeit signature of a judge, Paul Innes participated in aiding and abetting a scheme

11   and artifice with full intent and personal knowledge of the willful, malicious, oppressive and

12   negligent malfeasance that Defendant Smith and/or the clerks in the Office of Foreclosure would

13   use his signature to deprive Plaintiff of constitutional protections to the Plaintiff's clear

14   detriment.

15           On September 28, 2018, Defendant Fishman created a document styled "Writ of

16   Possession" which he then recorded into the Office of the Superior Court Clerk in the foreclosure

17   case file. The writ is signed by Defendant Smith and states that it was witnessed by judge

18   Thomas J. LaConte on September 28, 2018. As Plaintiff mentioned above Judge LaConte has

19   retired having his last day in office on August 28, 2018. The fraudulent writ and its

20   accompanying certification created by Defendant Fishman claims that the auction bid was

21   assigned to Fannie Mae, which is a legal impossibility. At a regular sheriff's auction, not a rigged

22   one as in this case, a buyer submits a bid to the auctioneer who accepts it and the buyer has no

23   possession of the bid. If Ditech Financial placed the bid for the property, as the writ claims, than

24   it cannot assign what it does not possess. However, what the fraudulent writ does confirm is that

1   Ditech Financial has assigned "its intent" to purchase the property before the auction was

2   completed, i.e. the bid. Once the purchase has occurred the bid ceases to exist and cannot be

3   assigned as the auction is over.

4       The writ confirms that the auction was rigged by the act of assigning a so called "winning

5   bid". Admittedly, Fannie Mae was not a bidder at the auction and is not a party to the case.

6   Defendant Fishman is an officer of the state court, and on September 28, 2018, has created a

7   fraudulent document and electronically filed it in the SUPERIOR COURT OF NEW JERSEY

8   public filing system.

9       Thereafter Fishman did so himself or directed another to serve the fraudulent writ upon

10   the sheriff as indicated by the "RECEIVED PASSAIC COUNTY SHERIFF'S OFFICE" stamp

11   on the writ, dated October 9, 2018.

12      Attorney Fishman, directly participated in aiding and abetting a scheme and artifice with

13   full intent and personal knowledge of the willful, malicious, oppressive and negligent

14   malfeasance together with Defendant Smith to use her signature in creation of fraudulent "Writ

15   of Possession".

16      Plaintiff does not know the true names, capacities, or basis for liability of additional

17   Defendants. Plaintiff will amend this Complaint if needed to allege their true names and

18   capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all

19   relevant times mentioned in this Complaint, each of the fictitiously named Defendants are

20   responsible in some manner for the injuries and damages to Plaintiff so alleged and that such

21   injuries and damages were proximately caused by such Defendants, and each of them.

22      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

23   each of the Defendants were the agents, employees, servants of the remaining Defendants, and

24   each of them, and in doing the things alleged herein below, were acting within the course and

1    scope of such agency or employment.

2        Whenever reference is made in this Complaint to any act of any Defendant(s), that

3    allegation shall mean that each Defendant(s) acted individually and/or jointly with the other

4    Defendant(s) where it is so reasonably stated, implied and/or inferred.

5        At all relevant times, each Defendant committed the acts, caused or directed others to

6    commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally,

7    some or all of the Defendants acted as the agent of the other Defendants, and all of the

8    Defendants acted within the scope of their agency and if acting as an agent of another where so

9    reasonably stated, implied and/or inferred.

10       At all relevant times, Defendants were placed on Notice, Defendants knew or realized or

11   should have known and realized that other Defendants were engaging in or planning to engage in

12   unlawful conduct, each Defendant nevertheless engaged in and/or facilitated the commission of

13   those unlawful acts. Each Defendant intended to and did engage in and/or encourage, facilitate,

14   and/or assist in the commission of the unlawful acts, and thereby committed and/or aided and

15   abetted the other Defendants in the unlawful conduct.

16       Defendants deprive Plaintiff of constitutional protections of due process of law afforded

17   to Plaintiff under Article V and the 14th Amendment to the United States Constitution and

18   inalienable Rights reaffirmed under Public Law 39-26, by acting under color of law or court

19   authority, admittedly executing documents to have them appear as if a judge has reviewed the

20   case and has issued a judicial Order and/or issued a writ by being a witness to one.

21       All of the named and un-named Defendants have acted with the intent to cheat and

22   deceive Plaintiff, and prevent Plaintiff from the lawful use and enjoyment of his real and

23   personal property to the Plaintiff's clear detriment resulting in ongoing liquidated and

24   un-liquidated damages.

1

## VIII. Cause of Action No. 1

2

**Deprivation, Encroachment and Violation of Plaintiff's Rights Under Article V and the 14th Amendment to the United States Constitution Inalienable Rights Re-Affirmed under Public Law 39-26**

3

4

**Claim 1:**

5

**SUPERIOR COURT OF NEW JERSEY and its Actors are fabricating official court documents**

6

All preceding paragraphs are incorporated hereto as though fully set forth herein.

7

Plaintiff alleges that on January 17, 2018, State Defendants created a scheme and

8

artifice and fabricated a document styled Final Judgment, which was entered in the case docket.

9

The order bears the stamp signature of Paul Innes, a chancery judge in *Mercer* county.

10

Plaintiff was informed by Donna the Clerk at the Superior Court Clerk's Office, that Paul

11

Innes does not sign the motions for final judgment, does not see or review them and the clerks in

12

the Office of Foreclosure use his name to stamp the final judgments. This was confirmed at the

13

hearing for the motion to vacate Final Judgment by judge Thomas J. LaConte on April 18, 2018,

14

at which time Plaintiff raised the issue of the clerks in the Office of Foreclosure rubber stamping

15

judge Pail Innes's name on all final judgments and Judge LaConte confirmed that Paul Innes

16

never sees those motions. Defendant Michelle M. Smith is the head Clerk for the SUPERIOR

17

COURT OF NEW JERSEY and in charge of the clerks in the Office of Foreclosure.

18

Plaintiff alleges that on January 17, 2018, Defendant Paul Innes knowingly concurred in

19

using such forged and counterfeit signature/seal, for the purpose of authenticating a document in

20

a court proceeding, to allow it to be tendered in evidence of such proceeding a document with his

21

signature/seal as judge affixed to it, knowing such signature to be false and counterfeit and that

22

he did not place his signature on that document, a Final Judgment.

23

Plaintiff alleges that on the same day January 17, 2018, Defendant Michelle M. Smith

24

1    placed her electronic signature on a document styled "Writ of Execution", the document appears
2    to be prepared by one Kenya Bates, an attorney for PHELAN HALLINAN DIAMOND &
3    JONES, PC and signed by Defendant Smith. The "Writ of Execution" states that defendant Paul
4    Innes has witnessed the signature of Defendant Smith. The signature of Paul Innes is missing on
5    the document. Paul Innes is located at a different court house, over a mile distant from the one
6    than Defendant Smith is in. Even if Innes placed his signature on the writ, which he didn't, this
7    would have been an ultra vires act clearly lacking venue jurisdiction and in absence of all
8    jurisdiction. See Annex C Writ of Execution.

9          Plaintiff alleges that on January 17, 2018, Defendants Michelle M. Smith and Paul Innes,
10   using the Superior Court of New Jersey, Office of Foreclosure contrived and executed a scheme
11   and artifice and directed clerks/paralegals in the Office of Foreclosure to tender in evidence an
12   attorney fabricated document styled "Final Judgment" and "Writ of Execution" where Paul Innes
13   was NOT present to Witness or sign the said documents and even if he was present, he as a judge
14   knew or should have known that he is without jurisdictional authority to sign, such judgment as
15   he is a Superior Court of New Jersey Judge in Mercer County, a different venue and acted
16   completely in *clear absence of all jurisdiction* and outside of his jurisdictional authority over a
17   case in Passaic county.

18         Plaintiff alleges that Defendants' Smith, Innes and the Superior Court of New Jersey
19   clerks' actions are intentional and purposeful. Their scheme and artifice in using such forged and
20   counterfeit signature/seal, for the purpose of authenticating a document in a court proceeding and
21   to allow it to be tendered in evidence of such proceeding, a document with a false and/or
22   counterfeit signature of a  judge, is by far the most wicked scheme against the Plaintiff and the
23   People of New Jersey, worthy of the best criminal enterprise as it directly impacted and currently
24   effects thousands of people in New Jersey and Ariel Barel.

1      Plaintiff alleges that Defendants Smith, Innes and the Superior Court of New Jersey

2   clerks know or should have known that using a false and counterfeit judges signature in a state

3   court proceeding violates Plaintiffs rights of due process.

4      Plaintiff alleges that on January 17, 2018, Defendants Michelle  M. Smith signed a

5   document styled "Writ of Execution" by placing her electronic signature or a stamp on said

6   document, without any judicial authority to issue such writ Below is reproduced cropped image

7   of the fabricated by the defendants Writ of Execution signature page. See Annex C.

8

Witness the Honorable Paul Innes, P.J.Ch. of the Superior Court at Trenton aforesaid, this 17th

9    day of    January    20 18

10

11   /s/ Kenya Bates
      Kenya Bates, Esq.
      Attorney for Plaintiff

12                        /s/ Michelle M. Smith, Esq.
                         Michelle M. Smith, Clerk
                          of the Superior Court

13                Signed and Sealed in the Superior Court of New Jersey

14

15      Plaintiff alleges that Paul Innes was not a "WITNESS" or present on January 17, 2018, at

16   the time Michelle  M. Smith placed her name and signature on the "Writ of Execution", being a

17   judge of the Superior Court Of New Jersey in Mercer County and who is located at Mercer

18   County Superior Court, 175 South Broad Street, Trenton, New Jersey 08608-2401.

19      Plaintiff alleges that Paul Innes was not a "WITNESS" or present on January 17, 2018, at

20   the time Michelle  M. Smith placed her name and signature on the "Writ of Execution ", as no

21   witness signature is present on the "Writ of Execution ".

22      Plaintiff alleges that Michelle M. Smith as a Clerk of the Superior Court, personally

23   participated in the fabrication of the Judicially Robo Signed "Final Judgment" and "Writ of

24   Execution." Defendants' actions were direct result of Sheriff Berdnik and the Sherriff's Office

1   selling Plaintiff's property.

2       Plaintiff is "*denied or cannot enforce in the courts or judicial tribunals of the State or*

3   *locality where they may be any of the rights secured to them by the first section of this act;*", as

4   the state court itself and its employees are involved in the intentional criminal acts and violations

5   enumerated in this complaint.  Sec. 3, Public Law 39-26. Plaintiffs rights of due process under

6   Article V and the 14th Amendment to the United States Constitution and inalienable Rights Re-

7   Affirmed Under Public Law 39-26 have been violated and encroached upon by defendants and as

8   a result Plaintiff lost his property at a sheriff's sale.

9       WHEREFORE, Plaintiff demands judgment against each named Defendant, jointly and

10  individually and severally, and each of them as follows and as set forth in each claim of action:

11  On each claim of action, Plaintiff shall recover the total of **1,000,000.00** (One Million Dollars) of

12  Lawful Money of the Unites States of America in monetary damages for the instant claim, as

13  well as un-liquidated damages, yet to be determined.

14  **Claim 2:**

15  **The Office Of Passaic County Sheriff a/k/a Passaic County Sheriff's Office Occupied By**
    **Sheriff Richard H. Berdnik And Richard H. Berdnik, Individually, Engage In A Scheme**
16  **And Artifice To Profit From a Bid Rigging Scheme To Sell Plaintiff's Property for 100.00**
    **Dollars At A Fabricated Sheriff's Sale.**

17      All preceding paragraphs are incorporated hereto as though fully set forth herein.

18      As a result of said fabricated "Writ of Execution" which was not signed by a judge,

19  Defendant Sheriff Richard H. Berdnik scheduled Plaintiff's property for sheriff's sale. In an effort

20  to forewarn the Sherriff of potential violations of his rights, Plaintiff made two personal attempts

21  to schedule a meeting with Defendant Berdnik to inform him of the above mentioned facts in an

22  effort to stay sheriff's sale of the property and to ask the sheriff to investigate. Defendant Berdnik

23  refused to meet with Plaintiff. Plaintiff then, notified Defendant Berdnik of the facts herein in

24

1   writing by sending Berdnik a Notice of Action. The Notice was ignored.

2   Plaintiff alleges that on May 29, 2018, Plaintiff's property was unlawfully sold by Defendant
3   Berdnik at a Sheriff's sale. An injury in Fact and a cognizable Tort. It was sold in a *rigged*
4   *bidding* perpetrated by the Defendant behind closed doors, Plaintiff's property is valued at over
5   400,000.00 dollars, however the Indenture Deed filed by Defendant Berdnik in the county
6   recorder's office states that it was sold to Fannie Mae for a whopping 100.00 (one hundred
7   dollars). The alleged sale was an "inside rigged sale". According to the "Writ of Possession",
8   Fannie Mae was not present at the auction and was not a bidder for the property, yet according to
9   the Indenture Deed somehow Fannie Mae got the ownership of Plaintiff's property for 100.00
10  dollars. The Indenture Deed was personally signed by the Defendant Richard H. Berdnik and
11  recorded in the county records on June 28, 2018, Instrument Number 2018028763. See Annex E.

12  Plaintiff alleges that on or about November 28, 2018, Defendant Berdnik and the Passaic
13  County Sheriff's Office directed deputy sheriff D'Agostino, to visit the Plaintiff and serve the
14  Plaintiff with a document styled "Notice of Eviction" to which was attached a document styled
15  "Writ of Possession". The so called "Writ of Possession" depicts a caption of the foreclosure case
16  where the Plaintiff is Ditech Financial LLC. The document also mentions Fannie Mae who is not
17  a party to the foreclosure case. Fannie Mae did not obtain the void "Final Judgment" or "Writ of
18  Execution" and is not a party to the state foreclosure case. Fannie Mae through its attorney
19  Defendant Fishman, electronically filed said "Writ of Possession" in the court docket to have it
20  appear as if Fannie Mae is a party to the case. The visit from D'Agostino was intimidating and
21  threatening and began with a loud banging on the front door, followed with a demand for
22  Plaintiff to vacate his property on January 24, 2019 and that D'Agostino would be there on that
23  day with other armed men, police and moving trucks to effect the eviction. The deputy has stated
24  that "he is enforcing judge's order" when asked to show the order presented the "Writ of

1   Possession" signed by Defendant Smith and Fishman. When Plaintiff made the deputy aware that
2   no judge signed the writ he replied "it doesn't matter it's all the same".

3       Plaintiff declares the scheme and artifice contrived and perpetrated by defendant is so
4   wicked, immoral, heinous and appalling as well as beyond regular man or woman's
5   comprehension, that top elected  law enforcement official in the county would be engaged in
6   such wicked, immoral, heinous and appalling acts under color of law, despite the Notice of
7   Action received by Berdnik on May 25, 2018. Berdnik's and the Sheriff's Office criminal
8   violations perpetrated upon the Plaintiff, place both completely outside of their jurisdiction.

9       As a result of the Defendants' and the sheriff's direct participation in the unlawful acts
10  enumerated in this complaint, Plaintiff is "*denied or cannot enforce in the courts or judicial*
11  *tribunals of the State or locality where they may be any of the rights secured to them by the first*
12  *section of this act*;", as the state court itself and its employees are involved in the intentional
13  criminal acts and violations enumerated in this complaint.

14      WHEREFORE, Plaintiff demands judgment against each named Defendant, jointly and
15  severally, and each of them as follows and as set forth in each claim of action: On each claim of
16  action, Plaintiff shall recover the total of **1,000,000.00** (One Million Dollars) of Lawful Money
17  of the Unites States of America in monetary damages for the instant claim, as well as un-
18  liquidated damages, yet to be determined.

19  **Claim 3**

20  **State Defendants #1 and #2 and their Actors Defendants Smith and Innes**
    **participated in a scheme and artifice in absence of all jurisdiction by fabricating a court**
21  **document styled "Final Judgment"**

22      All preceding paragraphs are incorporated hereto as though fully set forth herein.

23      Plaintiff alleges that on January 17, 2018, Defendants Michelle M. Smith, used her office
24  position and used the name of CLERK OF SUPERIOR COURT OF NEW JERSEY MICHELLE

1     M. SMITH to authorize her employees, to *impersonate a judge,* to use fabricated and forged

2     signature stamp of Judge Paul Innes on a document styled "Final Judgment" in Plaintiff's

3     foreclosure case. Copy of the "Final Judgment" is annexed and incorporated hereto as **Annex H.**

4     The official court transcript of a hearing held on April 18, 2018, in front of the Superior

5     Court of New Jersey judge Thomas J. LaConte confirms the recorded conversation Ariel Barel

6     had with the clerk Donna in the Superior Court of New Jersey office, where Donna informs

7     Barel that there is no judge that signs final judgments and that the foreclosure <u>final judgments</u> are

8     signed by the clerks in the Office Of

9     Foreclosure and not reviewed or signed by any     **/s/ Paul Innes, P.J.Ch.**
                                                   **Paul Innes, P.J.Ch.**

10    judge. Plaintiff alleges that *it is signed by an*

11    *act of impersonating a judge by a robo-signer*     **Respectfully Recommended**
                                                   **R. 1:34-6 Office of Foreclosure**

12    *without judicial authority.* Full transcripts of

13    these self admitting facts are attached to this complaint. Cropped copy of the alleged signature is

14    inserted hereto.

15     Plaintiff alleges that Defendant Paul Innes knew of said practice because he participated

16    in the scheme and artifice and allowed the used of his signature by the clerks in the Office of

17    Foreclosure on all final judgments.

18     Regardless of the fact the Paul Innes acted in clear absence of all jurisdiction and had

19    usurped his authority over the case, Plaintiff alleges that he authorized Michelle Smith to use his

20    signature and knowingly concurred in using his forged and/or counterfeit signature or seal, for

21    the purpose of authenticating a document in a court proceeding and tender said document in

22    evidence in such proceeding, a document with a false or counterfeit signature of a Superior Court

23    of New Jersey judge.

24

1    Plaintiff alleges that Defendant Innes concurred with an ultra vires act, done by numerous

2    paralegals and clerks who review motions for final judgment filed by foreclosing attorneys, then

3    admittedly placed a so called Paul Innes's electronic signature on the alleged "Final Judgment"

4    making it appear as if a Superior Court Of New Jersey, Judge Paul Innes had authority and has

5    reviewed the case and gave his approval for said "Final Judgment" which thereafter was filed in

6    the docket of the case, which is annexed hereto as Annex H, pursuant to F.R.E. 902(2)(A).

7    The court transcript referenced above is annexed hereto as self admitting fact and proof

8    that judge Innes does not review, nor signs final judgments and does not see the motions for final

9    judgments, and did not see the motion for Final Judgment in Barel's, and did not see the orders

10   for Final Judgments in other cases, resulting in a fabrication by the paralegals/clerks, working for

11   the Superior Court of New Jersey Office of Foreclosure, "Final Judgments", *in clear absence of*

12   *all jurisdiction.*

13   Regardless, even if Judge Paul Innes was present to sign the final judgment, he is without

14   authority to sign such an order as he is a Superior Court Of New Jersey Judge in Mercer County

15   a different venue and completely outside of his jurisdictional authority, which would require the

16   Plaintiff in the foreclosure case to file a proper motion for a change of venue to transfer the case

17   to his court and county.

18   As presented above Plaintiff, has become aware through another foreclosure case that

19   Judge Paul Innes never reviews the motions for final judgment, never sees them and never signs

20   them. This all done by the paralegals and clerks in the SUPERIOR COURT OF NEW JERSEY

21   OFFICE OF FORECLOSURE, signing hundreds of final judgments performing acts of "Judicial

22   Robo Signing" in the name of Judge Paul Innes. Judge Thomas LaConte admits on the record

23   (Page 5-7) to the facts stated above.

24   The wicked scheme and artifice, are acts perpetrated against Ariel Barel and the People

1    of New Jersey enumerated in this complaint. Plaintiff is "*denied or cannot enforce in the courts*

2    *or judicial tribunals of the State or locality where they may be any of the rights secured to them*

3    *by the first section of this act*;", as the state court itself and its employees are involved in the

4    intentional criminal acts and violations enumerated in this complaint. Sec. 3, Public Law 39-26.

5    Plaintiffs rights of due process under Article V and the 14th Amendment to United States

6    Constitution and inalienable Rights Re-Affirmed Under Public Law 39-26 have been violated

7    and encroached upon by defendants, as a result Plaintiff lost his property at a sheriff's sale.

8         WHEREFORE, Plaintiff demands judgment against each named Defendant, jointly and

9    severally, and each of them as follows and as set forth in each claim of action: On each claim of

10   action, Plaintiff shall recover the total of **1,000,000.00** (One Million Dollars) of Lawful Money

11   of the Unites States of America in monetary damages for the instant claim, as well as un-

12   liquidated damages, yet to be determined.

13                              **Cause of Action No. 2**

14                        **Unlawful Sale of Plaintiff's Property**

      **Claim 4:**
15

16   **OFFICE   OF   PASSAIC   COUNTY   SHERIFF   a/k/a   PASSAIC   COUNTY
      SHERIFF'S OFFICE occupied by RICHARD H. BERDNIK and Richard H. Berdnik
17   engage in bid rigging of Plaintiff's Real Property at an Auction.**

18        All preceding paragraphs are incorporated hereto as though fully set forth herein.

19        On May 29, 2018, SHERIFF RICHARD H. BERDNIK through the PASSAIC COUNTY

20   SHERIFF'S OFFICE effected the sale of Plaintiff's real property. Thereafter, Plaintiff received

21   notice from PASSAIC COUNTY SHERIFF'S OFFICE that he must vacate the property on

22   January 24, 2019. Plaintiff alleges that to force Plaintiff out of his property, Defendant Sheriff

23   Richard H. Berdnik intends to use an armed police force, as personally indicated by a deputy

24   Sheriff D'Agostino on or about November 28, 2018.

Plaintiff alleges that Defendants' SHERIFF RICHARD H. BERDNIK and Richard H. Berdnik and PASSAIC COUNTY SHERIFF'S OFFICE enforcement of forged and counterfeit void "Judicially Robo Signed" "Final Judgment" and fabricated "Writ of Possession" under color of State law violates Ariel Barel's inalienable rights re-affirmed under Public Law 39-26 to life, liberty, and property interests which are also protected by the structural provisions of the United States Constitution set forth in Article V as well the 14th Amendment to the United States Constitution. This claim applies to OFFICE OF PASSAIC COUNTY SHERIFF a/k/a PASSAIC COUNTY SHERIFF'S OFFICE OCCUPIED BY RICHARD H. BERDNIK and Richard H. Berdnik individually.

Plaintiff alleges that Plaintiffs' property was unlawfully sold by Defendants at Sheriff's sale. An injury in Fact. Not only it was sold, but it was sold in a *rigged bidding*, perpetrated by the Defendants behind closed doors, Plaintiff's property is valued at over 400,000.00 dollars and was sold for a whopping 100.00 (one hundred dollars) in an "inside rigged sale". The Indenture Deed personally signed by Richard H. Berdnik and recorded in the county records on June 28, 2018, Instrument Number 2018028763 on pages 5 and 6 states that:

> "Whereupon the said party of the second part bidding therefore for the same, the sum of $100.00 and no other person bidding as much, I did then and there openly and publicly in due form of law between the hours of two o'clock and five o'clock in the afternoon, strike off and sell tracts or parcels of land and premises for the sum of $100.00 to the said party of the second part being then and there the highest bidder for same. And on the 11th day of June 2018 in the year last aforesaid I did truly report the said sale to the Superior Court of New Jersey, Chancery Division and no objection to the said sale having been made, and by Assignment of Bid filed with the Sheriff of Passaic County said bidder assigned its bid to: **N/A**"

The copy of the certified recorded deed is annexed hereto and submitted into evidence as **Annex E** pursuant to and in compliance with F.R.E. 902(5).

Plaintiff alleges that Defendants' SHERIFF RICHARD H. BERDNIK and Richard H.

1   Berdnik individually and PASSAIC COUNTY SHERIFF'S OFFICE perpetrated a criminal act

2   against Ariel Barel worthy of the best criminal enterprise existing today or in the past.

3       The "causation" is easily traceable to the defendants' actions verified by defendants' own

4   documents filed in the county and annexed to this complaint. The requested relief will redress the

5   injury.

6       WHEREFORE, Plaintiff demands judgment against each named Defendant, jointly and

7   severally, and each of them as follows and as set forth in each claim of action: On each claim of

8   action, Plaintiff shall recover the total of **1,000,000.00** (One Million) of Lawful Money of the

9   Unites States of America in monetary damages, as well as un-liquidated damages, yet to be

10   determined.

11

### Cause of Action No. 3

12

### SUPERIOR COURT OF NEW JERSEY JUDGE PAUL INNES and Paul Innes deprives Plaintiff of constitutional protections afforded to Plaintiff under Public Law 39-26 and perpetrated violations of Article V and the 14th Amendment to the Constitution

13

14

### Claim 5:

15

      All preceding paragraphs are incorporated hereto as though fully set forth herein.

16

      Plaintiff alleges that on January 17, 2018, Defendant Paul Innes by articulating a

17

SUPERIOR COURT OF NEW JERSEY JUDGE PAUL INNES knowingly concurs and allows

18

the use of forged or counterfeit signature of a SUPERIOR COURT OF NEW JERSEY JUDGE

19

in an effort to effect the **tender in evidence of** a document identified as "Final Judgment" **with a**

20

**false and counterfeit signature of a judge** in violation of Article V and the 14th Amendment to

21

the Constitution.

22

### Relevant Portions Transcript of telephone call between Ariel Barel and Superior Court of New Jersey, Office of Foreclosure Date: February 26, 2018, Time 13:29pm

23

24

| | | |
|---|---|---|
| 1 | Recorded Greeting: | Thank you for calling the Superior Court clerk's office to continue in English, press one. Thank you for calling a superior court clerk's office. Your call may be monitored for quality assurance have paper and pencil available for the option that best addresses your needs. For questions regarding a statewide judgment lien, press one, for questions regarding a foreclosure matter, press two, the foreclosure processing unit and the office ... {cut announcement) Please hold for the next available agent. You are caller number first in queue. |
| 5 | Donna: | Good afternoon, Superior Court clerk's office. Donna speaking, how may I help you? |
| 6 | Mr. Barel: | Yes. Good afternoon Donna. This is Ariel Barel calling in reference to a case number F 049914-14 Ditech Financial v. Barel. I can give you a chance to pull it up so you can see it. |
| | Donna: | Okay. |
| 8 | Mr. Barel: | I have filed a motion to vacate the final judgment. I was told that the motion will be heard, uh, on, uh, March 2nd. And uh, could you tell me which judge is going to hear the motion? |
| | Donna: | No, you have to call the county only tells us the code. We don't get the judge's name. You have to call Passaic County. |
| 10 | Mr. Barel: | Why? I scheduled the motion to be heard in front of a judge Innes because he's the one that signs the final judgment, so why do I need to go to Passaic county? |
| 12 | Donna: | Because that's where this hearing is pending. |
| 13 | Mr. Barel: | Well, no. I scheduled the motion to be heard in front of judge Innes not in front of judge ... |
| 14 | Donna: | Okay, there's no judge here in Trenton in the Office of Foreclosure. |
| 15 | Mr. Barel: | I didn't schedule it... |
| 16 | Mr. Barel: | I scheduled the motion in front of judge Innes. In his courtroom. |
| 17 | Donna: | Judge Innes is in Mercer. |
| 18 | Mr. Barel: | That's correct. He is the one that signed the order for final judgment. That was the reason .. |
| 19 | Donna: | Unless you (unclear) using Office of Foreclosure, You cannot put it in front of judge Innes. It has to go on a county where it's venue, which is Passaic. |
| 21 | Mr. Barel: | Why is it that I cannot have the motions heard in front of the judge Innes who signed the order? |
| 22 | Donna: | **Like I said, Office of Foreclosure stamps judge Innes's name on their orders.** |
| 23 | Mr. Barel: | Okay. |
| 24 | | |

| | | |
|---|---|---|
| 1 | Donna: | You'll have an actual judge reviewed the case. It goes to the county where |
| 2 | | it's venues, which is Passaic, we have no judges sitting here in Office of |
| | | Foreclosure. |
| 3 | Mr. Barel: | No, I know that. That's not a problem. All I'm saying is that it appears to |
| | | me you're saying that the Office of Foreclosure stamp judge's signature on |
| 4 | | it. Fine. I understand that, now the, the, uh, so to me it's an indication that |
| | | judge Innes has signed the order. Did he sign the order? |
| 5 | Donna: | Somebody in Office of Foreclosure stamped his name on it. They used his |
| | | stamp. The judge did not sign it. |
| 6 | Mr. Barel: | Okay. 50000. Okay, I see what you're saying. So the judge actually had |
| 7 | | never signed that order and that's why I cannot go in front of him. Am I |
| | | correct? |
| 8 | Donna: | Right. He is not the judge in the Vicinage that has to hear. |
| 9 | Mr. Barel: | Okay, uh, because my understanding was that that stamped signature. Uh, |
| | | so do I need to request that the judge signs the order or is it a um, so the, |
| 10 | | the judges, the stamp that the Office of Foreclosure places on that uh, uh, |
| | | order is not effective because the judge's signature wasn't placed there was |
| 11 | | it? |
| 12 | Donna: | Yes, it is effective. It's the electronic signature. **They have the authority** |
| | | **to use it.** And that's the way it works. When you need to you have a judge |
| 13 | | hear something is in the Vicinage, whatever county that property is in, that |
| | | judge will hear anything. If anything has to be heard by a judge |
| 14 | | |
| 15 | The conversation continued... | |
| 16 | Mr. Barel: | Okay. I am now, now I'm confused. (chuckle) It doesn't make sense. I |
| | | know that Judge Innes is in charge of the Office of Foreclosure. I know |
| 17 | | that. And so that's why he has the power to sign. |
| | Donna: | No he is not. |
| 18 | Mr. Barel: | He is not? |
| | Donna: | Office of Foreclosure is overseen by supervisors, deputy clerks, **they just** |
| 19 | | **use his signature because he's the judge in this county that we work** |
| 20 | | **in.** |
| 21 | | The entire transcript is part of a public record attached hereto and submitted into evidence |
| 22 | pursuant to F.R.E. 902(8). | |
| 23 | | Plaintiff alleges that Paul Innes knowingly concurs as indicated by Donna and allows the |
| 24 | | |

1   use of his forged and/or counterfeit signature, of a Superior Court of New Jersey Judge. Paul

2   Innes has no jurisdictional authority to issue any order in the instant case being a judge in a

3   totally different venue also never reviews a case to effect the signature of a judge even if he had

4   jurisdiction to do so. The name of Paul Innes, P.J.Ch. was placed by the clerks on the so called

5   "Final Judgment" in *clear absence of all jurisdiction*, to have the order appear legitimate.

6       Plaintiff alleges that on January 17, 2018, Defendants Michelle M. Smith and Paul Innes,

7   contrived a scheme and artifice and directed clerks/paralegals in her office to deceive Plaintiff to

8   tender in evidence a document identified as "Final Judgment" with a false/counterfeit signature

9   of a judge who **knowingly concurs in using such forged or counterfeit signature** of Paul

10  Innes, P.J.Ch and **tenders in evidence** of a case a document identified as "Final Judgment" **with**

11  **a false and counterfeit signature of a judge** in violation of Article V and the 14th Amendment

12  to the Constitution as well as the Rights reaffirmed under Public Law 39-26.

13      WHEREFORE, Plaintiffs demand judgment against each named Defendant, jointly and

14  severally, and each of them as follows and as set forth in each claim of action: On each claim of

15  action, Plaintiffs shall recover the total of **1,000,000.00** (One Million dollars) of Lawful Money

16  of the Unites States of America in monetary damages, as well as un-liquidated damages, yet to

17  be determined.

18                              **Cause of Action No. 4**

19  **SUPERIOR COURT OF NEW JERSEY Forced Ariel Barel into Involuntary Servitude**

20  **Claim 6:**

21

22  **Defendant Brian V. Fishman and Michelle M. Smith deprived Plaintiff of constitutional**
    **protections afforded to Plaintiff and reaffirmed under Public Law 39-26 and perpetrated**
    **violations of Article V and the 14th Amendment to the Constitution.**

23

24      All preceding paragraphs are incorporated hereto as though fully set forth herein.

1

2    Plaintiff alleges that Defendant Fishman, fabricated and filed into the court docket a

3    document styled "Writ of Possession". The so called "writ" appears to depict Fannie Mae as a

4    party to the case.

5    Plaintiff alleges that the said "Writ of Possession" was signed by Defendant Smith, the

6    writ also states that it was witnessed by judge Thomas J. LaConte on September 28, 2018. *Judge

7    LaConte has retired one month before having his last day in office on August 28, 2018*. Below is

8    reproduced photo image of the signatures page of the fabricated writ.

9    THEREFORE, you are hereby commanded that without delay, you cause FEDERAL

10   NATIONAL MORTGAGE ASSOCIATION, to have possession of the land and premises with

11   the appurtenances thereunto belonging and appertaining; and

12   MAKE known to the said Superior Court of New Jersey aforesaid at Trenton within six

     months, the manner in which you shall have executed this Writ, and have you then and there this

13   Writ.

14   WITNESS, the Honorable Thomas J. LaConte, P.J.Ch., Judge of the Superior Court at

15   Paterson, NJ aforesaid, this 28th____ day of __September_____, 2018___.

16

17   /s/ Brian V. Fishman                    /s/ Michelle M. Smith
     Brian V. Fishman, Esquire               Michelle M. Smith, Clerk
     Attorney for Plaintiff's Assignee       Superior Court of New Jersey
18

19

20

21                                          Signed and Sealed in the Superior Court of New Jersey

22   Plaintiff alleges that the Writ of Possession was never witnessed or signed by a judge of

23   competent jurisdiction in violation of *N.J.S.A.* 2A:42-10.1.

24

1    N.J.S.A. 2A:42-10.1 - Warrant or writ for removal; writ of possession; issuance;

2    "Notwithstanding any other provisions of law, in any action brought by a landlord
     against a tenant to recover possession of premises or unit used for dwelling
3    purposes, to which this act is applicable, whether by summary dispossess
     proceedings, civil action for the possession of land, or otherwise, **the judge of the**
4    **court having jurisdiction shall use sound discretion in the issuance of a**
5    **warrant or writ for removal or writ of possession,...**" [bold emphases added]

6    Plaintiff alleges that the Writ of Possession was never witnessed or signed by judge

7    LaConte. Defendant Smith or her employees have no judicial authority to issue "Writ of

8    Possession" and certainly not fabricated and/or falsified one. Attached to the said "Writ of

9    Possession" is a Certification in Support of Issuance of the writ wherein Defendant Fishman, an

10   officer of the court, certifies that the statements in the Writ of Possession and the certification

11   made by him are true, and he is aware that if the statements are false he is subject to punishment.

12   On September 28, 2018, Smith and Fishman both signed the "Writ of Possession", without any

13   authority to issue such writ to a non-party in the case and in addition being strictly a judicial

14   function as per *N.J.S.A.* 2A:42-10.1.

15   The writ depicts that "Defendants have hitherto unlawfully deprived FEDERAL

16   NATIONAL MORTGAGE ASSOCIATION, as appears to us of record."

17   Defendant Fishman claims that the auction bid was assigned to Fannie Mae, which is a

18   legal impossibility. If Ditech Financial placed the bid for the property, as the writ claims, than it

19   cannot assign what it does not possess. However, what the fraudulent writ does confirm is that

20   Ditech Financial has assigned "its intent" i.e. the bid to purchase the property before the auction

21   was completed. Once the purchase has occurred, the bid ceases, being the intent, to exist and

22   cannot be assigned. In fact the Sheriff Berdnik certifies on the sheriff's deed on page 6 that "said

23   bidder assigned its bid to: **N/A**". (See Annex E, Page 6, First Line.) One can only conclude that

24   no assignment of any so called "bid" has ever occurred.

1    Fishman and Smith created "smoke and mirrors", to have it appear that Fannie Mae could

2    buy a winning bid/intent, as if Ditech Financial was bidding on the bid and not on the property.

3    Thereafter, Fishman and Smith state in the writ that Fannie Mae "appears to us of record" to have

4    it appear to an untrained in law eye that Fannie Mae is now the Plaintiff in the foreclosure case

5    that obtained the so-called "Writ of Possession." As mentioned above, the sheriff's deed

6    indicated that the bid was assigned to **N/A**, even if such assignment of bid could be done.

7    The wicked scheme and artifice perpetrated by the Defendants works 100 percent of the

8    time, until now. These unlawful acts would have continued with impunity and undiscovered if

9    the Plaintiff did not have the above mentioned information about Judge LaConte's retirement and

10   his last day in office on August 28, 2018.

11   Plaintiff alleges that Defendants' actions deprive Plaintiff of constitutional protections

12   afforded to Plaintiff under Article V and the 14th Amendment to the United States Constitution

13   and Public Law 39-26, with the intent to criminally cheat and deceive Plaintiff, and prevent

14   Plaintiff from the lawful use and enjoyment of his real and personal property by acting under

15   color of law admittedly executing documents to have them appear in the record as if a judge has

16   reviewed the case, witnessed defendants' signatures and has issued a judicial Order.

17   Defendants acted with brazen disregard to Plaintiffs rights. Plaintiff is "*denied or cannot*

18   *enforce in the courts or judicial tribunals of the State or locality where they may be...*" the rights

19   secured to him Article V and the 14th Amendment to the United States Constitution and those

20   right reaffirmed Public Law 39-26.

21   WHEREFORE, Plaintiffs demand judgment against each named Defendant, jointly and

22   severally, and each of them as follows and as set forth in each claim of action: On each claim of

23   action, Plaintiffs shall recover the total of **1,000,000.00** (One Million dollars) of Lawful Money

24   of the Unites States of America in monetary damages, as well as un-liquidated damages, yet to

1   be determined.

2   **IX.    Damages**

3   As a direct and proximate result of Defendants' conduct, Plaintiff, Ariel Barel, suffered

4   the following injuries and damages:

5   a.   As a result of all defendants' violations, deprivation and encroachment upon Plaintiff's

6   inalienable rights pursuant to Article V of the United States Constitution, the Fourteenth

7   Amendment to the Constitution and right Reaffirmed pursuant to Public Law 39-26, Plaintiff,

8   Ariel Barel, suffered the following injuries and damages, which include but not limited to:

9       1. Involuntary servitude;

10      2. Loss of Title to real property;

11      3. Loss of personal property;

12      4. Damage to earning capacity;

13      5. Lost earnings;

14      6. Physical pain and mental anguish in the past and perceived endangered

15          future;

16      7. Property damage;

17      8. Disruption of family harmony ending in divorce.

18   b. Furthermore, as a result of the OFFICE OF PASSAIC COUNTY SHERIFF a/k/a PASSAIC

19   COUNTY SHERIFF'S OFFICE occupied by RICHARD H. BERDNIK and Richard H. Berdnik

20   individually, pursuant to Article V of the United States Constitution, the Fourteenth Amendment

21   to the Constitution violation of Plaintiff's and inalienable Rights Re-Affirmed Under Public Law

22   39-26, by creating, participating in the scheme and artifice of selling Plaintiff's Real Property

23   worth well over 400,000.00 dollars, in a rigged 100.00 dollar bid, Plaintiff, Ariel Barel, suffered

24   the following injuries and damages:

1        1. Fear for Life when Sheriff of Passaic County will use men with guns to break
2           down his door to evict him and his family from his property.

3        2. Loss of Title to real property;

4        3. Loss of personal property;

5        4. Damage to earning capacity;

6        5. Lost earnings;

7        6. Mental pain and mental anguish in the past and near future;

8                              **X.      Summary**

9        Plaintiff, Ariel Barel, has suffered an "Injury in Fact and cognizable Tort" due to

10   Defendants' actions.

11       Plaintiff, Ariel Barel, has clearly shown that the "*harm suffered by plaintiff is concrete*

12   *and actual or imminent, not conjectural or hypothetical*".

13       Plaintiff, Ariel Barel, lays out the means for "redressability" in the Prayer for Relief.

14                           **XI.      Prayer for Relief**

15       WHEREFOR, for the reasons set forth, Plaintiffs, United States and Ariel Barel, pray for

16   judgment against Defendants for the following:

17       a. Judgment against each Defendant as outlined in each claim in the amount of

18          1,000,000.00 (One Million Dollars) for each claim of lawful money totaling in

19          6,000,000.00 (Six Million Dollars).

20       b. Un-liquidated damages, to be determined at a later date.

21       c. Order to restore to the Plaintiff, Ariel Barel, title to his real property.

22              **XII.    Request For Declaratory and Injunctive Relief**
                        **First Amendment, Petition Clause**
23       **Plaintiff, Ariel Barel, sui juris has a right to Declaratory and Injunctive Relief**

24

1    All preceding paragraphs are incorporated hereto as though fully set forth herein.

2    This is *also* an action for Declaratory Relief which is brought pursuant to Public Law.

3    Plaintiff, Ariel Barel, sui juris claims the right for Declaratory Relief granted to him by Public

4    Laws of the 80th Congress, 2nd Session, Ch. 646, § 2201 as amended which reads as follows:

5    "In a case of actual controversy within its jurisdiction, except with respect to
     Federal taxes other than actions brought under section 7428 of the Internal
6    Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in
     any civil action involving an antidumping or countervailing duty proceeding
7    regarding a class or kind of merchandise of a free trade area country (as defined in
     section 516A(f)(10) of the Tariff Act of 1930), as determined by the
8    administering authority, any court of the United States, upon the filing of an
     appropriate pleading, may declare the rights and other legal relations of any
9    interested party seeking such declaration, whether or not further relief is or could
     be sought. Any such declaration shall have the force and effect of a final
10   judgment or decree and shall be reviewable as such."

11

12   Public Laws of the 80th Congress, 2nd Session, Ch. 646, § 2201 as amended expressly

13   provides that in a case of actual controversy within its jurisdiction the court may declare the

14   rights and other legal relations of any interested party seeking such declaration, whether or not

15   further relief is or could be sought. The next section, i.e. § 2202 – Further Relief reads as

16   follows:

17   Further necessary or proper relief based on a declaratory judgment or decree may
     be granted, after reasonable notice and hearing, against any adverse party whose
18   rights have been determined by such judgment.

19

20   Section 2202 expressly provides that further necessary or proper relief based on a

21   declaratory judgment or decree may be granted. Plaintiff, Ariel Barel, sui juris, respectfully

22   requests an order/decree and/or an injunctive relief which constitutes his request for such further

23   relief as of this time. This request applies to all Defendants by virtue of violations of Ariel Barel,

24   sui juris inalienable rights reaffirmed under Public Law 39-26 as well as Article V of the United

Page 35 of 37

1  States of America Constitution and the 14th Amendment to the Constitution.

2  Based on the facts enumerated in the instant complaint, and due to the fact that Plaintiff is

3  "*denied or cannot enforce in the courts or judicial tribunals of the State or locality where they*

4  *may be...*" the rights secured to him under Article V and the 14th Amendment to the United

5  States Constitution as well as those right reaffirmed Public Law 39-26, and because defendants

6  criminally violated Plaintiffs inalienable rights, Plaintiff is asking the court to declare:

7  That, defendants' actions violate Plaintiffs due process rights pursuant to Article V of the

8  United States Constitution.

9  That, defendants' actions violate Plaintiffs due process rights pursuant to the Fourteenth

10  Amendment to the United States Constitution.

11  That, defendants' actions violate Plaintiffs rights reaffirmed under Public Law 39-26.

12  In support of his request Plaintiff attaches a Criminal Complaint, annexed hereto and

13  incorporated herewith as **Annex I**, court certified copy of said criminal complaint was served

14  upon the United States through the United States Attorney for the District of New Jersey.

15  **Remedy Requested**

16  Wherefore, all premises having been considered, Plaintiff respectfully requests that this

17  honorable court:

18  (1) declare that May 29, 2018 sheriffs sale of Plaintiffs property is null and void;

19  (2) order Defendants Richard H. Berdnik and Passaic County Sheriffs Office to immediately

20  cease and desist any and all activities pursuant to the Notice of Eviction scheduled for

21  January 24, 2019, to evict Plaintiff form his property located at 114 Warbler Drive,

22  Wayne, New Jersey;

23  (3) Declare that the documents created by the defendants or their agents, enumerated in the

24  instant action and identified as Final Judgment, Writ of Execution, Writ of Possession

1  and Notice of Eviction are of no legal force and/or effect;

2  (4) grant such other and further relief as this Court may deem just and proper.

3  **XIII.  Jury Demand**

4  No. Plaintiff does not wish to have a jury trial.

5  **DECLARATION UNDER PENALTY OF PERJURY**

6  I declare under penalty of perjury that the foregoing is true and correct..

7  Executed at _Wayne, New Jersey_ on the _7^th_ day of January, 2019.

8

9  L.S. _Q. Baul_
   Ariel Barel, Sui juris
10  114 Warbler Drive
   Wayne, New Jersey
11  973-460-4444
   abar4444@gmail.com

12  STATE OF NEW JERSEY  )
                        )  JURAT
13  COUNTY OF PASSAIC   )

14  Before me the undersigned, a Notary acting within and for the County of Passaic and
15  State of New Jersey on this _7th_ day of _Jan_____, 2019, personally appeared and
   known to me - OR - proved to me on the basis of satisfactory evidence to be the one whose name
16  is subscribed to the within instrument, to be the identical Free Man, Ariel Barel, sui juris who
   being duly sworn, declared the above to be true, correct, and not meant to mis lead, to the best of
17  his/her knowledge, understanding, and belief, by his/her free will and voluntary act and deed by
   his/her signature on the foregoing document, executed the within instrument.
18

19  Given under my hand and seal this _7th_ day of _Jan_____, 2019

20  _Jinwan Kim_

21  Notary signature                    Seal

22  _Jim Wan Kim_

23  Printed Notary name
                                        Jinwan Kim
                                        Notary Public of New Jersey
24  My commission expires _1/14/2020_   Commision Expires 01/14/2020
                                        ID#2392729