UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 22, 2019

Ariel Barel
114 Warbler Drive
Wayne, NJ 07470
*Pro Se Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Barel v. Judiciary Courts of the State of New Jersey, et al.**
Civil Action No. 18-17567 (SDW) (LDW)

Litigant:

Before this Court is *pro se* Plaintiff Ariel Barel's ("Plaintiff")[1] *ex-parte* emergency motion for preliminary injunctive relief against Defendants The Office of Passaic County Sheriff ("PCS") and Richard Berdnik ("Berdnik") (collectively, "Defendants").[2] For the reasons discussed below, Plaintiff's motion is **DENIED**, and the Amended Complaint is **DISMISSED** *sua sponte*.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2018, the Superior Court of New Jersey, Chancery Division, Passaic County entered a Final Judgment of foreclosure against Plaintiff. (Dkt. No. 4-1 Annex H.) On May 29, 2018, Ditech Financial, LLC successfully bid $100 for the foreclosed property at a sheriff's sale, and subsequently assigned the bid to Federal National Mortgage Association. (*Id.* Annex E, F.) On or about November 28, 2018, Plaintiff was served with a notice of eviction in the Superior Court of New Jersey, requiring him to vacate his home located at 114 Warbler Drive, Wayne, New Jersey by January 24, 2019 at 9 a.m. (*Id.* Annex F, G.) On January 4, 2019, Plaintiff

---

[1] The caption in this matter also identifies the "United States *ex rel.*" as a plaintiff. There is no indication, however, that the United States of America is, in fact, a party to this suit. The government has not entered an appearance nor do any of the filings suggest that anyone other than Plaintiff is seeking relief. Therefore, Plaintiff's arguments that this matter must be stayed pursuant to Chief Judge Jose L. Linares's Standing Order, 18-4, regarding stays of civil matters during the current partial government shutdown are inapplicable and this matter will proceed.

[2] Plaintiff is not seeking injunctive relief against the other named defendants in this action, identified in the pleadings as Judiciary Courts of the State of New Jersey, The Office of the Clerk of the Superior Court of New Jersey, Michelle M. Smith ("Smith"), The Office of the Superior Court of New Jersey Judge, Paul Innes ("Innes"), and Brian V. Fishman ("Fishman").

filed an "*Ex-Parte* Emergency Motion for Preliminary Injunctive Relief" in this Court against Defendants to enjoin his eviction. (Dkt. No. 3.)[3]

## II. DISCUSSION

To obtain a preliminary injunction, the movant must establish: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)) (internal quotation marks omitted).

Here, Plaintiff has not shown a likelihood of success on the merits. Plaintiff's motion generally asserts that Defendants engaged in "wicked, immoral, heinous and appalling" conduct by holding a "rigged" sheriff's sale and serving him with eviction papers, but fails to indicate in any detail what actions were wrongful or how the underlying foreclosure/eviction process was improper. (Dkt. No. 3 at 5; Dkt. No. 4 at 11.)

Further, even if Plaintiff had provided facts sufficient to support his claim, "[t]he *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, Civ. No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The Third Circuit has also specifically held that "the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id*. (quoting *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citation omitted); *see also Otto v. Judiciary Courts of N.J.*, Civ. No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) (stating that *Rooker-Feldman* prohibits federal courts from addressing any claims "that were previously adjudicated in, or are inextricably intertwined with, that state foreclosure proceeding"); *Anise v. JPMorgan Chase Bank*, Civ. No. 16-8125, 2017 WL 2909758, at *4, (D.N.J. July 5, 2017) ("The *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments") (quoting *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014)).

Here, all four factors are met. First, a foreclosure action was instituted against Plaintiff in the Superior Court of New Jersey, which resulted in a final foreclosure judgment against him. Second, Plaintiff claims that Defendants engaged in misconduct in connection with the foreclosure proceedings, including the sheriff's sale and notice of eviction. Third, the final judgment was entered against Plaintiff in January 2018, and Plaintiff filed suit in this Court in December 2018. Finally, Plaintiff's motion asks this Court to review and invalidate the foreclosure proceeding that

---

[3] Plaintiff also seeks to enjoin PCS and Berdnik from all further evictions "until such time that state court foreclosure plaintiffs [sic] Motion for Injunctive Relief can proof [sic] that they hold . . . a valid Final Judgment . . . and [a] valid Writ of Possession." (Dkt. No. 3 at 8-9.)

was fully litigated in state court. Accordingly, the *Rooker-Feldman* doctrine bars not only Plaintiff's motion, but also Plaintiff's suit in its entirety.[4] As such, this Court will deny Plaintiff's motion and *sua sponte* dismiss the Amended Complaint[5] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED**, and the Amended Complaint is **DISMISSED** *sua sponte*. Plaintiff shall have thirty (30) days to file a Second Amended Complaint. An appropriate order follows.

                                                                /s/ Susan D. Wigenton
                                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[4] In addition, the pleadings suggest that the remaining defendants are likely immune from suit. For example, Paul Innes, the sitting judge who signed the final judgment of foreclosure, is "immune from a suit for money damages" for actions taken in his official capacity, *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)), and for acts done "in excess of [his] jurisdiction, [even where those acts] are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). States and state agencies such as the Superior Court of New Jersey are also immune from suit pursuant to the Eleventh Amendment which protects "a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2010); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Karns v. Shanahan*, 879 F.3d 504, 512-513 (3d Cir. 2018) (recognizing that Eleventh Amendment immunity extends to entities that are deemed "arms of the state"); *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-97 (D.N.J. 1994) (noting that the "the judicial branch is an integral part of the state of New Jersey"). Public officials, such as Berdnik, Innes, Fishman, and Smith are insulated from suits brought against them in their individual capacities, unless they violate clearly established statutory or constitutional rights. *See Wright v. City of Pa.*, 409 F.3d 595, 599 (3d Cir. 2005) (citing *Elder v. Holloway*, 510 U.S. 510, 514 (1994)).

[5] Plaintiff filed his motion on January 4, 2019. (Dkt. No. 3.) Before this Court ruled on that motion, and before any defendant had been served or entered an appearance, Plaintiff filed an Amended Complaint. (Dkt. No. 4.)

[6] Although *pro se* complaints are "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Failure to do so requires dismissal. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").