UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 7, 2020

Ariel Barel
114 Warbler Drive
Wayne, NJ 07470
*Pro Se Plaintiff*

Andrew Munger, Esq.
Office of the Attorney General of New Jersey
P.O Box 116
Trenton, NJ 08625
*Attorney for Hon. Paul Innes, P.J.Ch.;*
*Michelle Smith, Clerk of the Superior Court;*
*Superior Court of New Jersey, Office of Foreclosure; and*
*State of New Jersey Judiciary, Administrative Office of the Courts*

Joseph M. Wenzel, Esq.
Friend & Wenzel, LLC
1000 Clifton Avenue
Clifton, NJ 07013
*Attorney for Passaic County Sheriff's Office and*
*Passaic County Sheriff Richard Berdnick*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: *Barel v. Judiciary Courts of the State of New Jersey, et al.*
    **Civil Action No. 18-17567 (SDW) (LDW)**

Litigants:

Before this Court is Hon. Paul Innes, P.J.Ch.; Michelle Smith, Clerk of the Superior Court; Superior Court of New Jersey, Office of Foreclosure; and State of New Jersey Judiciary, Administrative Office of the Courts's (collectively, "State Judiciary Defendants") Motion to Vacate Default pursuant to Federal Rule of Civil Procedure ("Rule") 55(c) and Dismiss *pro se* Plaintiff Ariel Barel's ("Plaintiff") Second Amended Complaint ("SAC," D.E. 13) pursuant to

Rules 12(b)(1) and 12(b)(6). Also before this Court is Passaic County Sheriff's Office and Passaic County Sheriff Richard Berdnik's (collectively, "Sheriff Defendants") (State Judiciary Defendants and Sheriff Defendants, collectively, "Defendants") Motion to Dismiss the SAC pursuant to Rule 12(b)(1). For the reasons discussed below, the Defendants' motions are **GRANTED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's allegations stem from a foreclosure complaint that was filed against him in the Superior Court of New Jersey on November 26, 2014. (SAC at 10.) A final foreclosure judgment was entered on January 17, 2018, bearing the stamp/electronic signature of Judge Paul Innes. (*Id.*; *id.* at Annex C ("Final Judgment").)[1] The lienholder, Ditech Financial, LLC, successfully bid $100 for Plaintiff's foreclosed property at a Sheriff's sale on May 29, 2018, and subsequently assigned the bid to Federal National Mortgage Association ("Fannie Mae"). (*See* SAC at 18, Annex F.) Plaintiff later filed suit in this Court, on December 26, 2018. (D.E. 1.)[2]

The SAC, filed February 20, 2019, is difficult to comprehend; Plaintiff appears to allege that his federal constitutional due process rights pursuant to the Fifth and Fourteenth Amendments were violated by the deprivation and taking of his property. (SAC at 2.) Specifically, Plaintiff alleges that Judge Innes and Michelle Smith, the clerk of the Superior Court of New Jersey, acted outside the scope of their authority by allowing clerks who work in the Office of Foreclosure to affix Judge Innes's signature on final judgments and other foreclosure documents using stamps and/or electronic signatures. (*Id.* at 13–14.) Plaintiff alleges that as a result of this practice, the Final Judgment entered in his foreclosure proceeding was "signed by a state court employee in an act of impersonating a judge and without judicial authority." (*Id.* at 13 (emphasis removed).) Plaintiff further alleges that the Sheriff Defendants and Brian Fishman (an attorney for Fannie Mae) subsequently violated his constitutional rights by holding an "inside rigged sale" pursuant to "false fraudulent documents styled 'Final Judgement,' 'Writ of Execution' and 'Writ of Possession.'" (*Id.* at 16, 32.)

The Clerk of the Court issued Certificates of Default as to Judge Innes with respect to the initial complaint on September 12, 2019, and with respect to the SAC on September 30, 2019. (D.E. 40, 44.)[3] The State Judiciary Defendants filed their motion to vacate the default against Judge Innes and dismiss the claims against them on September 16, 2019. (D.E. 41.) The Sheriff

---

[1] Plaintiff filed a Motion to Vacate the Final Judgment, which was denied by the Superior Court of New Jersey on April 18, 2019. (SAC at Annex A.) Plaintiff appealed the Final Judgment and the denial of his Motion to Vacate the Final Judgement to the Superior Court of New Jersey, Appellate Division, which denied his appeal on September 17, 2019. *Ditech Fin., LLC v. Barel*, No. A-2922-17T1, 2019 WL 4440120. Notably, Plaintiff raised the same argument on appeal that he makes here, that "the judge that entered the judgment, Office of Foreclosure, and Clerk of the Superior Court erred by authorizing 'ex-parte robo-signed' entry of final judgment and writ of possession." *Id.* at *3. The Supreme Court of New Jersey denied Plaintiff's application for a stay of his eviction pursuant to that decision on September 24, 2019. (D.E. 48 at 13.)

[2] This Court denied Plaintiff's motions to enjoin his eviction on January 22, 2019, and October 17, 2019. (D.E. 11, 49.) Additional factual background is provided in this Court's January 22, 2019, letter opinion. (D.E. 11.)

[3] The Clerk of the Court also issued a Certificate of Default as to defendant Mr. Fishman and the initial complaint on September 12, 2019. (D.E. 40.) Certificates of Default as to Ms. Smith with respect to the SAC were issued on September 30, 2019. (D.E. 42, 43.)

Defendants filed their motion to dismiss the claims against them on October 21, 2019. (D.E. 50.) Plaintiff opposed both motions and no replies were filed. (D.E. 45, 54, 57.)[4]

## II. DISCUSSION

### A. Motion to Vacate Default

As an initial matter, this Court questions the validity of the entries of default entered against Judge Innes and Ms. Smith with respect to the SAC, as these were entered two weeks after Judge Innes and Ms. Smith filed their motion to dismiss. (D.E. 41–44.) Assuming, *arguendo*, that these entries are valid, and for the reasons discussed below, this Court finds good cause to grant the State Judiciary Defendants' motion to vacate the default entered against Judge Innes and to *sua sponte* vacate the defaults entered against Ms. Smith and Mr. Fishman.

Entries of default are not favored in this Circuit and courts must resolve doubtful cases in favor of the party opposing their entry. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). In deciding whether to vacate an entry of default, courts are to consider "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Clauso v. Glover*, Civ. No. 09-05306, 2010 WL 3169597, at *1 (D.N.J. Aug. 11, 2010) (quoting *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 419–20 (3d Cir. 1987)).

All three factors are met here. First, there is no prejudice to Plaintiff. "The question of prejudice, when determining whether to vacate a default, concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." *See id.* (citing *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, there is no indication that Plaintiff has suffered a loss of available evidence or that he substantially relied upon the entries of default. Nor is there any reason to believe that vacating the entries of default will lead to an increased potential for collusion or fraud.

Second, for the reasons discussed below in connection with the motions to dismiss, Judge Innes, Ms. Smith, and Mr. Fishman have a meritorious and complete defense against this action, namely the *Rooker-Feldman* doctrine. Plaintiff also fails to state a claim against Mr. Fishman, and his claims against Judge Innes and Michelle Smith must additionally be dismissed under the doctrines of absolute judicial immunity and absolute quasi-judicial immunity, respectively.

Finally, this Court finds no reason to conclude that Judge Innes, Ms. Smith, or Mr. Fishman caused default by engaging in "culpable conduct." Such conduct requires willfulness or bad faith, not mere negligence, and there is no such showing here. *See Ali v. Jersey City Parking Auth.*, Civ. No. 13-02678, 2014 WL 1494578, at *3 (D.N.J. Apr. 16, 2014) (internal citations omitted), *aff'd*, 594 F. App'x 730 (3d Cir. 2014). Even if such a showing could be made, the Court is persuaded that, in weighing the three factors, vacating the entries of default is the appropriate course of action here in view of the existence of meritorious defenses and the absence of prejudice to Plaintiff. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1188 (3d Cir. 1984) (Garth, J., concurring) ("[T]his court's

---

[4] Although Plaintiff's opposition to the Sheriff Defendants' Motion to Dismiss was not timely filed, the Court will consider it in view of Plaintiff's *pro se* status.

overriding preference is the disposition of litigated matters on the merits rather than by default—and to this extent we encourage liberality in vacating default judgments . . . ."); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (noting that "the meritorious-defense factor [is] the threshold issue" (internal quotation marks omitted)); *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) ("A decision to set aside an entry of default pursuant to Fed.R.Civ.P. 55(c) is left primarily to the discretion of the district court." (internal citation and quotation marks omitted)). For these reasons, the entries of default in this matter shall be vacated and the matter shall be decided on the merits.

### B. Motions to Dismiss[5]

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court." *Id.* at 358. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Defendants mount a facial challenge to the SAC, arguing that it must be dismissed under the *Rooker-Feldman* doctrine because all of Plaintiff's alleged injuries stem from the foreclosure judgment entered against him in New Jersey state court. "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, Civ. No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The *Rooker-Feldman* doctrine applies when "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (some punctuation omitted) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

All four factors are met here. First, a foreclosure action was instituted against Plaintiff in the Superior Court of New Jersey, which resulted in a final foreclosure judgment against him. (SAC at 10.) Second, Plaintiff's injuries, though couched in allegations of judge impersonation and bid-rigging, were directly caused by the foreclosure judgment entered against him in New Jersey state court. Third, the Final Judgment was entered against Plaintiff on January 17, 2018, and Plaintiff filed suit in this Court almost a year later, on December 26, 2018. (*Id.*; D.E. 1.) Finally, Plaintiff's motion asks this Court to review and invalidate the Final Judgment entered in a foreclosure proceeding that was fully litigated in state court and subsequently effectuated by a

---

[5] Plaintiff argues that the Sheriff Defendants' motion to dismiss must be denied because it was filed without authorization and after the Sheriff Defendants filed an answer. (D.E. 54 at 2; *see* D.E. 21.) However, a court may "determine[] at any time that it lacks subject-matter jurisdiction," and, if it does, "the court must dismiss the action." Rule 12(h)(3).

Sheriff's sale. (SAC at 38.) Plaintiff's assertion that he is "not asking to overturn the decision of [the] state court and is not asking for an affirmative action" is contradicted by his request that this Court enjoin his eviction. (SAC at 9 (emphasis removed), 38.) Such relief cannot be granted without invalidating the state court's foreclosure decision, which the Third Circuit has specifically barred. *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) (dismissing claims under *Rooker-Feldman* because plaintiff's attack on lienholder's "fraudulent actions" were "in essence an attack on the state court judgment of foreclosure"); *see also Otto v. Judiciary Courts of N.J.*, Civ. No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) ("*Rooker–Feldman* bars any claims that were previously adjudicated in, or are inextricably intertwined with, [a] state foreclosure proceeding."). Accordingly, the *Rooker-Feldman* doctrine bars Plaintiff's suit in its entirety.[6, 7, 8]

## III. CONCLUSION

For the reasons set forth above, the State Judiciary Defendants' Motion to Vacate Default and Dismiss the SAC and the Sheriff Defendants' Motion to Dismiss the SAC are **GRANTED**. The SAC is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

          /s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[6] Judge Innes is also absolutely immune to "'civil actions for [his] judicial acts, even when such acts are in excess of [his] jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)). Similarly, Ms. Smith, as a public official of the New Jersey Superior Court, is entitled to absolute quasi-judicial immunity for actions taken in the exercise of judicial functions. *See Dotzel v. Ashbridge*, 438 F.3d 320, 325 (3d Cir. 2006) ("Quasi-judicial absolute immunity attaches when a public official's role is functionally comparable to that of a judge." (internal citation and quotation marks omitted)). Plaintiff alleges that Judge Innes and Ms. Smith acted outside the scope of their authority by allowing clerks to affix Judge Innes's signature on final judgments and other foreclosure documents. (SAC at 13–14.) Such actions, if they occurred, were clearly judicial actions undertaken in Judge's Innes's capacity as a judge and in Ms. Smith's capacity as a clerk of the court. Plaintiff's claims against them, therefore, cannot be sustained and must be dismissed.

[7] The claims against Sheriff Berdnik must also be dismissed because he is entitled to qualified immunity, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation and quotation marks omitted). "[T]he sale of [Plaintiff's] property did not violate any clearly established rights because the Sheriff acted pursuant to a valid state court judgment." *Gage*, 521 F. App'x at 51.

[8] Because this Court dismisses Plaintiff's suit in its entirety under the *Rooker-Feldman* doctrine, it also dismisses the claims against Mr. Fishman. Even if the *Rooker-Feldman* doctrine did not apply to Mr. Fishman, the claims against him would be dismissed for failure to state a claim, as the SAC does not allege any facts that support an inference of fraud. *See* Rule 12(b)(6); Rule 9(b); *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (*sua sponte* dismissal appropriate if the basis for dismissal is "apparent from the face of the complaint").